1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD T. MONTEZ,                           No. 2:20-cv-1681-JAM-EFB P

12                    Plaintiff,

13        v.                                      ORDER

14   SCOTT R. JONES, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, seeks to proceed in forma pauperis.  ECF No. 2.  For the reasons stated hereafter, his

19   application to proceed in forma pauperis is granted and his complaint is dismissed with leave to

20   amend.

21                    Application to Proceed In Forma Pauperis

22        The court has reviewed plaintiff's application (ECF No. 2) and finds that it makes the

23   showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, by separate order, the court directs the

24   agency having custody of plaintiff to collect and forward the appropriate monthly payments for

25   the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

26   /////

27   /////

28   /////

Screening

I.     Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.     Analysis

The gist of plaintiff's complaint is that from February 12, 2016 to December 10, 2019, while confined to a Sacramento County Jail, a "cyber crime task force" terrorized plaintiff and deprived him of sleep through "remote neuro monitoring."  ECF No. 1.  In addition to the two Doe defendants who allegedly administered this "shock" therapy to plaintiff, plaintiff names as defendants Sacramento County District Attorney Anne Shubert and Sacramento County Sheriff Scott Jones.  As discussed below, plaintiff's complaint cannot survive screening.

The claim against defendant Schubert fails because (1) plaintiff has not alleged how she was personally involved in a violation of plaintiff's federal constitutional or statutory rights, and (2) prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).  Similarly, with respect to defendant Jones, plaintiff has not alleged that Jones was personally involved in violating plaintiff's rights.  To the extent plaintiff wishes to pursue a claim against Sacramento County, he must demonstrate that he suffered an injury caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiff has neither identified a County policy, nor alleged harm caused by such a policy.

As for the Doe defendants, the allegations are extravagant.  But assuming plaintiff could state a claim, there is no showing in the allegations that any defendant administered the remote neuro monitoring for the purpose of causing plaintiff harm.  A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Matthews v. Holland*, Case No. 1:14-cv-01959-SKO (PC), 2017 U.S. Dist. LEXIS 42581, at *8 (E.D. Cal. Mar. 22, 2017) ("Conditions which result in chronic, long term sleep deprivation may support a claim under the Eighth Amendment.").  If plaintiff chooses to file an amended complaint, he shall note that to state an Eighth Amendment claim, he must allege facts showing that (1) the defendant official's conduct

deprived him of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to his health or safety. *Id.* at 834. Moreover, the proper procedure for identifying "doe" defendants is by filing a motion to amend along with a proposed amended complaint that is complete in itself without reference to any prior pleading. If plaintiff has identified specific individuals against whom he wishes to assert claims, he must identify them in an amended complaint.

III.    Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his

amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1.     Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.     Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.     Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

4.     Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED:  September 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE