UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD T. MONTEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>SCOTT R. JONES, *et al.*,<br><br>             Defendants. | Case No.  2:20-cv-01681-JAM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 15<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Ronald T. Montez is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  In his amended complaint, he alleges that defendants Scott Jones and Ann Shubert violated his Eighth Amendment rights by subjecting him to "remote neural monitoring" and other mind-mapping techniques that caused nerve damage and sleep deprivation.  ECF No. 15 at 3.  These claims cannot proceed.  I recommend that the complaint be dismissed for failure to state a claim.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.**    **Analysis**

21        Plaintiff's claims, focused as they are on "remote neural monitoring" and "mind-
22  mapping," are not sufficiently grounded in reality.  *See Denton v. Hernandez*, 504 U.S. 25, 33
23  (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level
24  of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
25  available to contradict them.").  As best I can tell, plaintiff alleges that Sheriff Scott Jones
26  employed a "Cyber Science Crime Unit" and directed that unit to find plaintiff's "electromagnetic
27  brain frequency."  ECF No. 15 at 3.  The unit's efforts allegedly resulted in nerve damage and
28  sleep deprivation.  *Id.*  These allegations are incredible and cannot proceed.  In making this

finding, I do not imply that plaintiff is dishonest. He may well believe his claims. That sincerity, however, is not enough to save his case.

I also find that further leave to amend is unwarranted. This action could only proceed if plaintiff changed the fundamental nature of his claims.

Accordingly, I RECOMMEND that plaintiff's amended complaint, ECF No. 15, be dismissed with prejudice and without leave to amend for failure to state a claim.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 30, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3